## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 05-cr-0350 |
| | ) | 02: 05-cr-0385 |
| WANDA SOLOMON | ) | |

### MEMORANDUM OPINION AND ORDER

Presently before the Court for disposition is the MOTION FOR RELIEF PURSUANT TO U.S.S.G. 1B1.10(C) - AMENDMENT 9 filed *pro se* by Wanda Solomon and the RESPONSE in opposition filed by the government.  For the reasons that follow, the Motion will be denied.

### Background

On November 10, 2005, a federal grand jury sitting in the Western District of Pennsylvania returned a one-count indictment at Criminal No. 05-350 against Cadee Akins, Wanda Solomon, and Khaliah Solomon.  All three defendants were charged with Conspiracy to Distribute and Possess With Intent to Distribute Cocaine and 50 Grams or More of Crack Cocaine, from on or about August 2004 to August 2005, in violation of Title 21, United States Code, section 846.

On November 14, 2005, Wanda Solomon made her initial appearance and was detained pending a detention hearing.  On November 18, 2005, Wanda Solomon appeared for her detention hearing and arraignment, wherein she entered a plea of not guilty and was released on a $25,000 unsecured bond with conditions including pretrial supervision.

On March 28, 2006, a federal grand jury sitting the Western District of Pennsylvania returned a Superseding Indictment at Criminal No. 05-385 against Jelani Solomon, Claron

Hanner, and Wanda Solomon.  The three defendants were all charged in Count One of the

Superseding Indictment with Conspiracy to Distribute and Possess with Intent to Distribute 5

Kilograms or More of a Mixture and Substance Containing a Detectable Amount of Cocaine,

from in and around 1999 and continuing to in and around November, 2005, in violation of Title

21, United States Code, § 846.  Ms. Solomon was not charged with any other alleged violations

in the Superseding Indictment.

On March 29, 2006, Wanda Solomon appeared for her initial appearance and

arraignment and entered a plea of not guilty to Count One of the Superseding Indictment.  Her

bond was continued.

On August 2, 2006, Wanda Solomon appeared before the Court and changed her

previously entered plea of not guilty to guilty at Count One of the Indictment filed at Criminal

No. 05-350 and Count One of the Superseding Indictment filed at Criminal No. 05-385.

A Presentence Investigation Report ("PSI") was prepared by the Probation Office on

September 19, 2006, with an Addendum to the PSI prepared on October 20, 2006.  The 2005

edition of the Guidelines Manual, including amendments effective November 1, 2005, were

used in calculating Ms. Solomon's offense level computations.  Pursuant to USSG § 3D1.2(d),

the counts of conviction were grouped together.

USSG 2D1.1(a)(3)(c)(3), the guideline for a violation of Title 21, United States

Code, § 846, called for a base offense level of 34 based on at least 15 kilograms but less than 50

kilograms of cocaine.  In Paragraph 24 of the PSI, the Probation Officer specifically explained

the computation of the total base offense as follows:

> Pursuant to USSG § 2D1.1, *Commentary, Application Note 10,* multiple
> drug types are to be converted to their marijuana equivalency and

2

combined for a total base offense level.  The quantity of cocaine base attributable to defendant for purposes of the sentencing guideline calculations is 106.9 grams (2,138 kilograms of marijuana), and the quantity of cocaine attributable to the defendant is 15 to 50 kilograms (3,000 to 10,000 kilograms of marijuana).  In this case, it is not clear where exactly in the range the defendant's cocaine amount falls.  In a light most beneficial to the defendant, it is assumed that the amount of cocaine attributable to her conduct is 15 kilograms.[1]  Therefore, based on the information provided by the Government, the inclusion of the crack cocaine would not increase the amount above the range of 15 to 50 kilograms of cocaine.

PSI, at ¶ 24 (emphasis added).

Defendant, through counsel, filed a Position with Respect to Guideline Sentencing Factors, in which she made several factual corrections and/or clarifications and objected, *inter alia*, to the Probation Office's calculations involving the crack / cocaine disparity.  In response, the Probation Office again reiterated that the "crack / cocaine disparity is not an issue in this case, as noted in paragraph 24 of the Presentence Report, the inclusion of the crack cocaine would not increase the amount above the 15 to 50 kilograms of cocaine.  Should the defendant withdraw her guilty plea at Docket No. 05-385, the disparity may become a relevant factor for consideration at the time of sentencing."  Addendum at unnumbered page 2.

On November 17, 2006, the Court issued its Tentative Findings and Rulings in which it too addressed the crack / cocaine ratio disparity issue.  The Court found as follows:

[A]s noted by the Probation Officer, this disparity would only be a

---

[1]     In its Tentative Findings and Rulings, the Court found as follows: "David Robinson alone stated that he purchased between 15 and 20 kilograms of cocaine from the Defendant.  Therefore, the Court agrees with the Probation Office and finds that there is sufficient indicia of reliability to support the probable accuracy, not to mention leniency, of the Probation Office's determination that the amount of cocaine attributable to Defendant's conduct is 15 kilograms."  *See* Tentative Findings and Rulings, at ¶ 31.

relevant factor if the Defendant was permitted to withdraw her guilty plea at Criminal No. 05-385.  As noted supra, Defendant's request to withdraw her guilty plea has been denied; <u>thus, the inclusion of the crack cocaine does not affect the sentencing calculations because such inclusion does not increase the overall amount above the range of 15 to 50 kilograms of cocaine</u>.

Tentative Findings and Rulings, at ¶ 11 (emphasis added).

At the time the Tentative Findings and Rulings were issued, Defendant was to be sentenced based on a total offense level of 37 with a Criminal History Category of III in Zone D of the USSG Sentencing Table.  The applicable advisory guideline term of imprisonment range was 262 to 327 months.[2]  Both Count One of Criminal No. 05-350 and Count One of Criminal No. 05-383, required a mandatory statutory minimum term of imprisonment of not less than 10 years and not more than a life term.

---

[2]      The original Offense Calculations were as follows:

| | |
|---|---|
| **Base Offense Level** - § 2D1.1(a)(3)(c)(3) | **34** |
| Adjustment for Role in the Offense - Manager / Supervisor - § 3B1.1(b) | +3 |
| Adjustment for Role in the Offense - Use or Attempted Use of a Person Less Than 18 years of Age to Commit the Offense or Assist in Avoiding Detection - § 3B1.4 | +2 |
| **Adjusted Offense Level** | 39 |
| Adjustment for Acceptance of Responsibility - § 3E1.1(a) | -2 |
| **Total Adjusted Offense Level** | **37** |

4

Defendant's  sentencing hearing was held on March 20, 2007.  Immediately prior to the commencement of the sentencing hearing, counsel for Defendant and counsel for the government informed the Court that they had entered into a stipulation which reduced Defendant's base offense level from 34 to 32.  Specifically, the Defendant agreed to withdraw her objection to the upward enhancement for use of a minor, in exchange for the government agreeing to reduce the amount of the range of cocaine from 15 kilograms to 50 kilograms, to a range of greater than 5 kilograms but less than 15 kilograms.  Accordingly, by stipulation, Defendant had a reduced total offense level score of 35,[3] with the applicable advisory guideline term of imprisonment range being 210 to 262 months.

During the sentencing hearing, the Court adopted its Tentative Findings and Rulings and the relevant findings in the PSI and Addendum and again informed the Defendant that her

---

[3]     The revised Offense Calculations by stipulation were as follows:

| | |
|---|---|
| **Base Offense Level** - § 2D1.1(a)(3)(9c)(3) | **32** |
| Adjustment for Role in the Offense - Manager / Supervisor - § 3B1.1(b) | +2 |
| Adjustment for Role in the Offense - Use or Attempted Use of a Person Less Than 18 years of Age to Commit the Offense or Assist in Avoiding Detection - § 3B1.4 | +3 |
| **Adjusted Offense Level** | 37 |
| Adjustment for Acceptance of Responsibility - § 3E1.1(a) | -2 |
| **Total Adjusted Offense Level** | **35** |

argument involving the crack cocaine disparity was a "distinction without a difference," to wit:

>    First, in the Defendant's sentencing memorandum, she raises the distinction, the difference and disparity between the guideline recommended penalties for crack cocaine and powder cocaine offenses; a broad disparity of which we are all equally knowledgeable.
>
>    This disparity in this instance, however, is a distinction without a difference as addressed in detail in the Court's Tentative Findings and Rulings and reaffirmed here.  Because there are two indictments, 05-CR-350 and 05-CR-385, and the second indictment involves a range of significant kilograms of cocaine, <u>the crack cocaine in the first indictment does not effectively increase the sentencing guidelines calculation</u>.  So that objection as set forth in the sentencing memorandum is overruled.

*See* Sentencing Transcript of Proceedings at 17 (emphasis added).

Defendant was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 240 months at Count One of Criminal 05-350 and 240 months of Count One at Criminal 05-385, all such terms to run concurrently, to be followed by a term of 5 years of supervised release of Count One at 05-350 and  5 years of supervised release of Count One at 05-385, all such terms to run concurrently.

On March 29, 2007, Defendant filed a timely Notice of Appeal to the United States Court of Appeals for the Third Circuit.   On June 1, 2009, the appellate court affirmed the Judgment of the District Court.

### Discussion

On March 8, 2010, Defendant, *pro se*, filed the instant Motion in which she seeks a two level reduction in her offense level based on Amendment 706, which reduced the base offense level for most cocaine base ("crack") offenses and which may be applied retroactively.

Pursuant to Title 18, United States Code, § 3582(c):

> in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o),
> upon motion of the defendant or the Director of the Bureau of Prisons, or
> on its own motion, the court may reduce the term of imprisonment, after
> considering the factors set forth in section 3553(a) to the extent that they
> are applicable, if such a reduction is consistent with applicable policy
> statements issued by the Sentencing Commission.

Further, revised Section 1B1.10(a), of the United States Sentencing Guidelines, provides in
relevant part:

> (1)    In General.  In a case in which a defendant is serving a term of
> imprisonment, and the guideline range applicable to that defendant
> has subsequently been lowered as a result of an amendment to the
> Guidelines Manual listed in subsection (c) below, the court may
> reduce the defendant's term of imprisonment as provided by 18
> U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any
> such reduction in the defendant's term of imprisonment shall be
> consistent with this policy statement.

Simply stated, the "crack cocaine" amendments to the Sentencing Guidelines do not
affect Defendant's term of imprisonment.  As Defendant was informed on at least four (4)
separate occasions, the inclusion of the crack cocaine charge did not increase her base offense
level.  In fact, as explained in detail *supra,* the Defendant's offense conduct was based solely
upon  her plea of guilty to possession with intent to distribute cocaine, not upon her plea of
guilty to possession  with intent to distribute crack / cocaine.

Accordingly, the Court finds that because the crack / cocaine which was attributable
to the Defendant in these cases had no effect on the guideline range, the Defendant is not

7

entitled to a reduction in her sentence pursuant to Title 18, United States Code, section 3582(c).

An appropriate Order follows.


McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 05-cr-0380 |
| | ) | 02: 05-cr-0385 |
| WANDA SOLOMON | ) | |

## ORDER

**AND NOW,** this 23rd day of March, 2010, in accordance with the foregoing

Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that the

MOTION FOR RELIEF PURSUANT TO USSG 1B1.10(c) is **DENIED.**


BY THE COURT:
s/Terrence F. McVerry
United States District Court Judge


cc:     Wanda Solomon
        #08712-068
        SFF Hazelton
        P.O. Box 3000
        Brucetown Mills, WV 26525

        Constance M. Bowden,
        Assistant U.S. Attorney
        Email: constance.bowden@usdoj.gov