### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 05-cr-0350 |
| | ) | 02: 05-cr-0385 |
| WANDA SOLOMON | ) | |

### MEMORANDUM ORDER

On April 28, 2010, Wanda Solomon, pro se, filed a REQUEST FOR CLARIFICATION OF MEMORANDUM OPINION AND ORDER FILED 3-23-10.

The Memorandum Opinion and Order of March 23, 2010, denied Ms. Solomon's motion in which she had sought a two-level reduction in her offense level based on Amendment 706 to the United States Sentencing Guidelines, which reduced the base offense level for most cocaine base ("crack") offenses.  The Court found that "Defendant was informed on at least four (4) separate occasions, the inclusion of the crack cocaine charge did not increase her base offense level." Memo. Op. at 7.  Accordingly, the Court denied Defendant's motion because the crack / cocaine which was attributable to Defendant had no effect on the guideline range and, therefore, Defendant was not entitled to a reduction in her sentence.

Defendant has filed the instant request for clarification because, according to the Defendant, she is unable to find "in the transcripts" the "four separate occasions" to which the Court referred to on page 7 of its Memorandum.

As the Memorandum Opinion of March 23, 2010, states, Defendant was <u>first</u> informed of the computation of her total base level in Paragraph 24 of her Presentence Investigation Report.  The Probation Office stated, *inter alia*, "based on the information provided by the Government, the inclusion of the crack cocaine would not increase the amount

above the range of 15 to 50 kilograms of cocaine." Memo. Op. at 3 (quoting PSI, at ¶ 24).

Defendant was informed a <u>second time</u> of the Probation Office's calculations in the Addendum to the Presentence Investigation Report, in which the Probation Office reiterated that the "crack / cocaine disparity is not an issue in this case, as noted in Paragraph 24 of the Presentence Report, the inclusion of the crack cocaine would not increase the amount above the 15 to 50 kilograms of cocaine."  Memo. Op. at 3 (quoting Addendum at unnumbered page 2.)

The <u>third</u> time that Defendant was informed that the inclusion of the crack cocaine charge did not increase her base offense level was in the Tentative Findings and Rulings issued by the Court.  The Court specifically addressed the crack / cocaine ratio disparity issue and found, *inter alia*, that "the inclusion of the crack cocaine does not effect the sentencing calculations because such inclusion does not increase the overall amount above the range of 15 to 50 kilograms of cocaine."  Memo. Op. at 4 (quoting Tentative Findings and Rulings at ¶ 11).

Finally, Defendant was informed a <u>fourth</u> time that the inclusion of the crack cocaine charge did not increase her base offense level during her sentencing hearing, when the Court informed Defendant that the crack cocaine disparity was a "distinction without a difference" and that the "crack cocaine in the first indictment does not effectively increase the sentencing guidelines calculation."  Memo. Op. at 6 (quoting Sentencing Transcript of Proceedings at 17).

The Court finds that no further clarification is needed.

So **ORDERED** this 3rd day of May, 2010.

                                                      BY THE COURT:
                                                      <u>s/Terrence F. McVerry</u>
                                                      United States District Court Judge

cc:  Wanda Solomon
    #08712-068
    SFF Hazelton
    P.O. Box 3000
    Brucetown Mills, WV 26525

    Constance M. Bowden,
    Assistant U.S. Attorney
    Email: constance.bowden@usdoj.gov