# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Nos. 05-350 & 05-385 |
| | ) Judge Nora Barry Fischer |
| WANDA SOLOMON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Presently before the Court is Defendant Wanda Solomon's Motion for Reduction of Sentence and Request for Expedited Consideration (Docket No. 284 at Crim. No. 05-350; Docket No. 951 at Crim. No. 05-385), the Government Response in Opposition thereto (Docket No. 289 at Crim. No. 05-350; Docket No. 958 at Crim. No. 05-385); Defendant's Reply (Docket No. 294 at Crim. No. 05-350; Docket No. 970 at Crim. No. 05-385) and the Government's Sur-reply (Docket No. 296 at Crim. No. 05-350; Docket No. 972 at Crim. No. 05-385).[1] Upon careful consideration of the parties' respective positions set forth in the briefing and a review of the record in this case, Defendant's Motion is DENIED.

### I. Background

Defendant ran a large-scale cocaine distribution ring in Western Pennsylvania, which involved numerous family members, including one of her minor children. (Docket No. 943-1 at 2). One of Defendant's co-conspirators was her son, Jelani Solomon, who was eventually arrested and then ordered the murder of an informant whom he believed had led to his arrest. (*Id.*). Following Jelani's arrest, Defendant continued trafficking in cocaine and attempted to collect on drug debts owed to him. (Docket No. 958-1 at 34). All told, Defendant's drug trafficking activities

---

[1] The relevant documents cited herein are filed at both docket numbers; however, in order to streamline citations to the record, the Court will cite to the documents filed at Criminal No. 05-385.

continued for over a decade before she was charged in two separate indictments in this District at Criminal Nos. 05-350 and 05-385. (Docket No. 943-1 at 2).

On August 2, 2006, Defendant appeared before Judge Terrence F. McVerry[2] and pled guilty to Count One of the Indictment at Criminal No. 05-350, which charged her with conspiracy to distribute and possess with intent to distribute cocaine and 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (hereinafter, "the crack cocaine count"), and Count One of the Superseding Indictment at Criminal No. 05-385, which charged her with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (hereinafter, the "powder cocaine count").

Defendant's sentencing hearing was held on March 20, 2007. At the time, she was subject to a mandatory statutory term of not less than ten (10) years and up to life imprisonment and five (5) years' supervised release on both the crack cocaine and the powder cocaine counts. (Docket No. 958-1 at 16). Prior to sentencing, counsel for the parties reached a stipulation that Defendant was responsible for more than 5 kilograms but less than 15 kilograms of cocaine. (Docket No. 958-2 at 4-5, 15). As a result, Defendant's total offense level was 35, and with a criminal history category of III, the advisory guidelines range was 210 to 262 months' imprisonment. (*Id.* at 5). As to Defendant's argument involving a crack cocaine disparity, Judge McVerry explained that the "disparity in this instance . . . is a distinction without a difference . . . [b]ecause there are two indictments . . . and the second indictment [at Criminal No. 05-385] involves a range of significant kilograms of cocaine, [thus,] the crack cocaine in the first indictment [at Criminal No. 05-350] does not effectively increase the sentencing guidelines calculation." (*Id.* at 16-17).

---

[2] Defendant's cases originally were assigned to Judge McVerry. Following Judge McVerry's retirement, the cases were re-assigned to this member of the Court when Defendant filed her pending motion for a sentence reduction.

Ultimately, Judge McVerry sentenced Defendant to 240 months' imprisonment on both the crack cocaine and powder cocaine counts to be served concurrently, followed by concurrent terms of five (5) years' supervised release at each count. (Docket No. 958-2 at 49-50; Docket No. 376 at 2-3). In imposing this sentence, Judge McVerry considered the well-known sentencing factors set forth in 18 U.S.C. § 3553(a). As to the seriousness of Defendant's offenses and the need to impose a lengthy sentence, Judge McVerry remarked:

> The pervasiveness of your conspiracy is despicable; most especially despicable because it appears as though almost every sibling in your family was involved in criminal activity one way or another, including having the involvement to some degree of a minor . . . in transporting drugs and/or money over the course of the time -- it's absolutely incredible to me that everybody in the Solomon family was involved in this criminal activity for a lengthy period of time.
>
> It is clear that you had a major leadership role in the conspiracy and you continued the conspiracy after the horrific homicide of a helpless man . . . for virtually no reason in the world. That you continued to run the business, you continued to supply Jelani with money, you continued to pay his bills, you continued to help [one of the co-conspirators] after this incident.
>
> Your prior criminal involvement and history is of no small moment in my consideration of sentencing.
>
> This sentence is based on the need to reflect the seriousness of the offense, and the offense is imminently serious; to promote respect for the law, which I hope you gain over the course of the next 20 years; to provide just and sound punishment for the offenses, which you deserve; to afford adequate deterrence to criminal conduct; to protect the public, especially the public in Beaver County, from further crimes by you; and to provide you with needed educational or vocational training, medical care, or other correctional training, of which I hope you avail yourself in the most effective manner while incarcerated.

(Docket No. 958-2 at 52-53).

Defendant filed a direct appeal, and the United States Court of Appeals for the Third Circuit affirmed the District Court's Judgment on June 1, 2009. (Docket No. 803). Defendant later unsuccessfully attempted on numerous occasions to have her sentence vacated or reduced. (Docket Nos. 806, 809, 829, 833, 834, 838, 868, 882, 914, 915, 916, 918).

Defendant also filed a motion for a sentence reduction as a result of amendments to the Sentencing Guidelines which retroactively reduced the base offense level for certain drug offenses, which Judge McVerry denied on February 19, 2016. (Docket Nos. 923, 925). Judge McVerry recognized that Defendant was technically eligible for consideration of a reduction, and noted that the newly applicable advisory guidelines range would be 168-210 months' imprisonment, but he declined to exercise his discretion to reduce Defendant's sentence. (Docket No. 925 at 1, 2, 3). In reaching that decision, Judge McVerry considered Defendant's conduct and accomplishments while incarcerated, but concluded that it was appropriate to adhere to the original sentencing decision in consideration of the relevant § 3553(a) factors he previously had cited, including:

> (1) Defendant received a benefit because the presentence investigation report combined the two drug conspiracies (in the two cases), such that she avoided the potentiality of consecutive mandatory minimum sentences at each case . . .; (2) she was the impetus for the drug conspiracy at Crim. No. 05-385, in that she introduced her son Jelani to the supplier and set up the initial deals . . . ; (3) she took over the cocaine shipments after Jelani went to jail . . . ; (4) she used her own minor children to facilitate the drug conspiracy, including to pick up payments and to deliver cocaine; (5) she had a long history of drug dealing, including in the mid-1990s and from at least late 1999 through November 2005 in the crimes of conviction . . . ; and (6) she held a leadership role and continued to operate the conspiracy after the murder of an innocent man (the father of a prospective witness against Jelani).

(*Id.* at 2-3). On January 4, 2017, the Third Circuit Court of Appeals affirmed the District Court's decision not to reduce Defendant's sentence. (Docket No. 943-1).

On July 23, 2019, Defendant filed the pending motion for a sentence reduction, requesting that the Court reduce her term of imprisonment from 240 months to 198 months and her term of supervised release from five (5) years to four (4) years. (Docket Nos. 951, 970). The Government opposes Defendant's motion. (Docket Nos. 958, 972).

II.     **Analysis**

Defendant's motion for a sentence reduction is made pursuant to Section 404(b) of the First Step Act, which provides in relevant part:

> A court that imposed a sentence for a covered offense ***may***, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010[3] were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (emphasis added). If it is determined that a defendant is eligible for First Step Act relief, the District Court may exercise its discretion to reduce her sentence. *Id.* § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."); *United States v. Crews*, 385 F. Supp. 3d 439, 443-44 (W.D. Pa. 2019) (citing decisions holding that a district court has discretion whether to reduce a sentence under the First Step Act).

Defendant submits that she is eligible for a sentence reduction under the First Step Act because her conviction on the crack cocaine count is a "covered offense," she was sentenced under the pre-2010 FSA penalty structure, and her sentence was not previously reduced in accordance with the 2010 FSA. (Docket No. 951 at 6-7). In addition, Defendant submits that the Court may reduce her sentence on the powder cocaine count pursuant to both the "sentencing package doctrine"[4] and 18 U.S.C. § 3582(c)(2). (*Id.* at 7-9). Defendant also discusses what she views as

---

[3]     The Fair Sentencing Act of 2010 "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5–year minimum and from 50 grams to 280 grams in respect to the 10–year minimum," while leaving the powder cocaine amounts intact. *Dorsey v. United States*, 567 U.S. 260, 269 (2012). As stated, Defendant was subject to a ten (10)-year mandatory minimum term of imprisonment when she pled guilty and was sentenced on the crack cocaine count. (*See* Docket No. 958-1 at 16). In accordance with the 2010 FSA, the quantity of crack cocaine attributable to Defendant now carries a mandatory statutory term of not less than five (5) years and not more than forty (40) years' imprisonment. 21 U.S.C. § 841(b)(1)(B)(iii).

[4]     According to the sentencing package doctrine, "when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan. When a conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand ... if that appears necessary in order to ensure that the punishment

5

the relevant § 3553(a) factors and urges the Court to exercise its discretion to reduce her sentence in consideration of same. (*Id.* at 9-13).

The Government advocates that Defendant's motion for a sentence reduction should be denied. The Government does not dispute that Defendant's conviction on the crack cocaine count is a covered offense under the First Step Act, but her conviction on the powder cocaine count is not and the sentencing package doctrine is inapplicable. (Docket No. 958 at 11-12). In any event, the Government submits that the Court in its discretion should decline to reduce Defendant's sentence on either count of conviction because it was based on numerous aggravating factors. (*Id.* at 13-18).

The Court finds that Defendant's conviction on the crack cocaine count is a covered offense for which she did not previously receive a sentence reduction. As such, Defendant is eligible for consideration of relief under the First Step Act as to that conviction. Despite same, the Court declines to exercise its discretion to reduce Defendant's sentence on the crack cocaine conviction.[5] This Court's review of the record and consideration of the relevant factors under 18 U.S.C. § 3553(a) leads it to conclude that Defendant's initial concurrent sentence of 240 months' imprisonment and five (5) years' supervised release remains the proper one for the reasons Judge McVerry expressed at the sentencing hearing and reiterated in denying Defendant's motion for a sentence reduction based on amendments to the Sentencing Guidelines. Significantly, Defendant played a central role in a drug trafficking conspiracy involving significant amounts of powder cocaine, she continued her involvement in the conspiracy after the murder of an innocent man, she

---

still fits both crime and criminal." *United States v. Miller*, 594 F.3d 172, 180 (3d Cir. 2010) (quoting *United States v. Davis*, 112 F.3d 118, 122 (3d Cir. 1997)).

[5] Defendant's conviction on the powder cocaine count is not a covered offense; thus, First Step Act relief is not available as to that count. Even if the powder cocaine count was a covered offense, the Court likewise would decline to exercise its discretion to reduce Defendant's sentence on that count for the reasons set forth herein.

used a minor in connection with her drug trafficking activities and she otherwise had a lengthy criminal history. The Court is cognizant of Defendant's post-sentencing conduct while incarcerated, which includes completing educational classes, earning her GED, maintaining a job and avoiding disciplinary infractions, and commends her for the progress she has made. Nevertheless, the Court finds that the initial sentence of 240 months' imprisonment followed by five (5) years' supervised release remains sufficient but not greater than necessary to meet all of the goals of sentencing in this case, particularly first and third-party deterrence, punishment and protection of the public.

### III. Conclusion

For the reasons set forth above, the Court declines to exercise its discretion to reduce Defendant's term of imprisonment and supervised release. Accordingly, Defendant's motion for reduction of sentence under the First Step Act is denied.

_s/ Nora Barry Fischer_
Nora Barry Fischer
Senior United States District Judge

Date:  October 1, 2019

cc/ecf: All counsel of record