IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Nos. 05-350; 05-385 |
| | ) Judge Nora Barry Fischer |
| WANDA SOLOMON, | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

**I. INTRODUCTION**

Presently before the Court are Defendant Wanda Solomon's pro se Renewed Motion for Release/Reduced Sentence pursuant to the CARES and/or First Step Act, (Docket No. 322),[1] and the Government's Response in opposition (Docket No. 329). Defendant's motion is further supported by medical records filed under seal. (Docket No. 328). Defendant seeks to reduce her 240-month sentence to time served based on her medical conditions as well as the risk posed by COVID-19 spreading within the correctional institution at which she resides. (Docket No. 322). The Government counters that compassionate release is not warranted because Defendant has not shown an "extraordinary and compelling" reason for relief, and the 18 U.S.C. § 3553(a) factors otherwise do not justify a reduction in her sentence. (Docket No. 329). After careful consideration of the parties' positions and for the following reasons, Defendant's Renewed Motion (Crim. No. 05-350, Docket No. [322]; Crim. No. 05-385, Docket No. [1063]) is denied.

**II. BACKGROUND**

---

[1] Unless otherwise noted, the Court will use the docket numbers from Defendant's case found at Criminal Number 05-350 since the relevant filings in both cases are identical.

The Court has addressed Defendant's circumstances on numerous times in the past, including when disposing of Defendant's first motion for compassionate release, as well as her motion for reconsideration. (Docket Nos. 309, 319). As such, the Court will forego reciting a detailed background of Defendant's case. On March 20, 2007, Judge Terrence McVerry sentenced Defendant to a concurrent sentence of 240 months at count 1 of Criminal Number 05-350 and count 1 of Criminal Number 05-385 for conspiracy to distribute cocaine and crack cocaine. (Docket No. 1; Criminal No. 05-385, Docket No. 1). As explained in the Court's prior opinions, Defendant unsuccessfully sought to have her sentence vacated or reduced on twelve occasions. (Docket No. 319 at 2). Most recently, Defendant moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that her medical conditions, when coupled with the risks brought on by the COVID-19 pandemic, constituted extraordinary and compelling reasons for her release. (Docket No. 299). After careful review of Defendant's circumstances and arguments regarding the spread of COVID-19 in the prison where she was serving her sentence, the Court denied her initial motion on May 28, 2020 and her motion to reconsider on September 2, 2020. (Docket Nos. 309, 319).

On December 28, 2021, Defendant filed a renewed motion for compassionate release, bringing up the same medical conditions as before and noting that she recently contracted COVID-19. (Docket No. 322). The Government responded in opposition on January 28, 2022 and submitted Defendant's sealed medical records. (Docket Nos. 328-29). As such, the Court considers Defendant's motion to be fully briefed and ripe for disposition.

### III. DISCUSSION

The Court initially turns to the prevailing legal standard. "[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."

*McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed." (internal quotation marks omitted) (quoting 18 U.S.C. § 3582(c))). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582. *See United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020). To obtain relief under § 3582, a defendant must request that "the Director of the Bureau of Prisons," seek a reduction of the defendant's sentence before the court that sentenced her. § 3582(c)(1)(A). Or, if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," the defendant may file a motion before the sentencing court on her own behalf. § 3582(c)(1)(A). Assuming a defendant's motion is properly before the sentencing court, "a prisoner's motion may be granted if the court finds that the sentence reduction is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a)," to the extent they are applicable. *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021).[2]

    A. Extraordinary and Compelling Reasons[3]

---

[2]    As the Third Circuit in *Andrews* explained, no "applicable policy statements issued by the Sentencing Commission" presently bind the Court because the Sentencing Commission has not updated its policy statements to address prisoner-initiated compassionate release motions. 12 F.4th at 259 n.4. Still, the policy statements remain persuasive authority for the Court as it determines what constitutes an "extraordinary and compelling" reason for a sentence reduction. *Id.* at 259-60.

[3]    Defendant states that she "has exhausted her administrative remedies," a declaration the Government does not contest. (Docket No. 322 at 1).

3

The Court first finds that Defendant has not demonstrated that "extraordinary and compelling" reasons warrant a reduction in her sentence. The Third Circuit recently provided guidance in how to interpret the rather "amorphous" phrase "extraordinary and compelling." *Andrews*, 12 F.4th at 260. It approved of district courts consulting "the text, dictionary definitions, and the policy statement" provided by the United States Sentencing Commission to interpret what constitutes an "extraordinary and compelling" reason for a reduction in a sentence. *Id.* As relevant here, the Sentencing Commission has declared that a defendant who "suffer[s] from a serious physical or medical condition" could have an extraordinary and compelling reason for a reduction in sentence. U.S.S.G. § 1B1.13 app. 1(A)(ii). While Defendant does not specify what medical ailments she suffers from, her prior motion and her medical records indicate that she has asthma, diabetes, hypertension, and hepatitis C (an affliction of the liver). (Docket No. 299 at 3-4).

In the Court's view, Defendant has not demonstrated an "extraordinary and compelling" ground for a sentence reduction. The Third Circuit Court of Appeals has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597. In light of this holding, the question this Court must address is whether the presence of COVID-19 and some other condition exacerbating the effects of a COVID-19 diagnosis could qualify as an "extraordinary and compelling" reason to reduce a defendant's sentence. The Centers for Disease Control and Prevention ("CDC") presently takes the position that all of Defendant's conditions, asthma, diabetes, hypertension, and liver disease, can place someone at risk of experiencing a severe case of COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed 2/1/2022). Indeed, Defendant's

medical records reveal that she contracted COVID-19 in December 2021 and had a one week hospital stay, during which she had to be placed on oxygen for several days. (Docket No. 328 at 5-33). By January 7, 2022, she had recovered. (*Id.* at 1-2). Further, Defendant's records reveal that she declined Pfizer's COVID vaccine in January 2021 and apparently has not been vaccinated since then. (*Id.* at 76).

While Defendant's conditions, combined with the fact that she is now 62 years-old, put her at higher risk of a severe case of COVID-19, Defendant's medical records reveal that she recently recovered from a COVID-19 diagnosis, thus giving her the benefit of natural immunity. (Docket No. 328 at 1-33); *Garrett v. Murphy*, 17 F.4th 419, 433 (3d Cir. 2021) (explaining that natural immunity removes the "imminent risk of serious physical injury" from again contracting COVID-19 and that the widespread availability of vaccines "'eliminates' need for compassionate release" (citation omitted)). She also declined to be vaccinated. (Docket No. 328 at 76). As the Third Circuit Court of Appeals has recognized, "[t]he glaring consensus among district courts is that refusal of a COVID-19 vaccine subverts a defendant's compassionate release motion." *United States v. Thomas*, No. 21-2105, 2022 WL 296594, at *2 (3d Cir. Feb. 2, 2022) (quoting *United States v. Sawyers*, 15-cr-00070, 2021 WL 2581412, at *4 (C.D. Cal. June 22, 2021)); *see also United States v. Broadfield*, 5 F.4th 801, 802 (7th Cir. 2021) ("When [the defendant] filed his application for compassionate release, and when the district judge denied it, COVID-19 was a grave problem in America's prisons, where people cannot engage in social distancing. Today, however, effective vaccines are available.").

For these reasons, Defendant has failed to show that she "suffers from a terminal illness or an ailment, which, coupled with the potential spread of COVID-19, would make [her] unable to provide self-care in a correctional environment." *United States v. Wallace*, Crim. No. 19-49, Civ.

No. 20-637, 2020 WL 4003663, at *4 (W.D. Pa. Jul. 15, 2020) (citing *United States v. Hammond*, Crim. No. 18-184, 2020 WL 2126783, at *4 (W.D. Pa. May 5, 2020)). Therefore, it is this Court's opinion that Defendant has failed to meet her burden of proving that extraordinary or compelling circumstances justify her early release.

    B.  *Section 3553(a) Factors*

The Court also holds as an alternative that the risks presented by Defendant's medical conditions and the COVID-19 pandemic do not outweigh the § 3553(a) factors such that a reduction in her sentence is not warranted. To that end, Defendant pled guilty to two counts of conspiracy to distribute cocaine and crack cocaine. (Docket No. 137; Criminal No. 05-385, Docket No. 88). As explained in prior opinions, at Defendant's sentencing, Judge McVerry weighed the § 3553(a) factors, exercised his discretion, and sentenced Defendant to 240 months' imprisonment. (*See* Docket No. 319 at 9-11). The Court has once again carefully considered all of the § 3553(a) factors and finds that Defendant's "history and characteristics" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct," do not justify a sentence reduction here. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(B).

In that regard, Defendant's 240-month sentence was below the advisory guideline range of 262-327 months' incarceration. (Docket No. 152 at 10). The Court believes that such sentence remains sufficient, but not greater than necessary to meet all of the goals of sentencing in this case. *See* 18 U.S.C. § 3553(a)(1). While in prison, Defendant has obtained her GED and participated in various educational programs, thus taking steps to rehabilitate herself as this Court, and certainly

Judge McVerry, would want. (Docket Nos. 282-1; 299-5 at 2-3).[4] Nonetheless, it remains this Court's belief that serving the full term of the 240-month sentence properly accounts for the seriousness of the offenses and the gravity of the offense conduct, *see id.* § 3553(a)(2)(A), as Defendant pled guilty to serious drug trafficking. (Docket No. 107); *see also United States v. Gay*, Crim. No. 14-154, Docket No. 153 (W.D. Pa. Feb. 19, 2021); *see also United States v. Page*, 859 F. App'x 635, 636-37 (3d Cir. Sept. 27, 2021) (affirming a district court's denial of a compassionate release motion when the defendant had a short period of his sentence remaining). To that end, and as the Court previously recognized, (Docket No. 319 at 10), Judge McVerry rendered an extensive description of the seriousness of Defendant's conduct, which spanned many years:

> The pervasiveness of your conspiracy is despicable; most especially despicable because it appears as though almost every sibling in your family was involved in criminal activity one way or another, including having the involvement to some degree of a minor . . . in transporting drugs and/or money over the course of the time -- it's absolutely incredible to me that everybody in the Solomon family was involved in this criminal activity for a lengthy period of time. It is clear that you had a major leadership role in the conspiracy and you continued the conspiracy after the horrific homicide of a helpless man, Frank Helisek, Jr., for virtually no reason in the world. (Docket No. 165 at 52).

Additionally, the 240-month sentence is necessary to protect the public from the danger that Defendant presents to the community, thereby making a reduction inconsistent with § 3553(a)(2)(C) and U.S.S.G. § 1B1.13(2). *See also United States v. Williams*, Criminal No. 18-235, 2020 WL 4934659, at *7 (W.D. Pa. Aug. 24, 2020) ("As this Court has repeatedly observed, drug trafficking poses a substantial risk of harm to the community."); *United States v. Atkins*, Criminal No. 15-87, 2015 WL 4920831, at *7 (W.D. Pa. Aug. 18, 2015) ("Drug trafficking certainly poses a substantial risk of harm to the community, particularly the trafficking of very

---

[4] Defendant's present release date is September 30, 2023. Given that she is 62 years-old and her rehabilitative efforts, Defendant <u>might</u> benefit from the BOP's new regulations implementing the Federal Time Credits Program under the First Step Act. https://www.bop.gov/inmates/fsa/docs/bop_fsa_rule.pdf.

7

dangerous and addictive drugs."). Although statistics show that criminal defendants are less likely to recidivate as they grow older and move in to retirement age, not all defendants cease engaging in criminal behavior when they grow old. Here, it is this Court's opinion that the seriousness of Defendant's drug trafficking activity indicates that the risk of danger to the community remains. Finally, the 240-month sentence provides general deterrence to others and also promotes respect for the law, where reducing the sentence to time served, as requested by Defendant, "would be inconsistent with the section 3553(a) factors." *Pawlowski*, 967 F.3d at 330.

## IV. CONCLUSION

For all of these reasons,

IT IS HEREBY ORDERED that Defendant's Renewed Motion (Crim. No. 05-350, Docket No. [322]; Crim. No. 05-385, Docket No. [1063]) seeking compassionate release is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Date:   February 7, 2022

cc/ecf:  All counsel of record.

Wanda Solomon
BOP # 08712-068
FCP Alderson
P.O. Box A, Unit B-1
Alderson, WV 24910
(via U.S. mail)